UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11268-RGS

DEBRA HASLAM, individually, and as the Personal Representative of THE ESTATE OF CHRISTOPHER SHEPPARD

v.

WILLIAM D. MCLAUGHLIN, DAVID F. SHEA, JR., PAUL C. DIMINICO, DAVID B. MARR, JR., ANGELO COLASANTE, JAMES REGER, MICHAEL BOWES, SHANE O'NEILL, MICHAEL M. FOLEY, and CHRISTOPHER T. FOGARTY, in their representative capacities as Trustees and GREGORY A. GEIMAN, in his capacity as the Administrator of the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH & WELFARE, ANUUITY & SAVINGS AND PENSION FUNDS; SYMETRA LIFE INSURANCE COMPANY; and WENDY T. SHEPPARD

MEMORANDUM AND ORDER
ON DEFENDANTS' MOTIONS TO DISMISS

November 8, 2022

STEARNS, D.J.

Debra Haslam brought this action against the trustees of her late brother's retirement benefits plan: William McLaughlin, David Shea, Jr., Paul Diminico, David Marr, Jr., Angelo Colasante, James Reger, Michael Bowes, Shane O'Neill, Michael Foley, and Christopher Fogarty (Fund Trustees); the administrator of the plan, Gregory Geiman; the insurer of the plan, Symetra Life Insurance Company (Symetra); and her late brother's ex-

wife, Wendy Sheppard. Haslam alleges that the plan defendants wrongly paid over the plan benefits to Sheppard.[1]

The plan defendants now move to dismiss all claims brought against them. For reasons to be explained, the court will allow the motions to dismiss.

## BACKGROUND

Haslam is the Personal Representative of her late brother Christopher Sheppard's Estate. Prior to his death, Christopher Sheppard received retirement benefits from the International Union of Operating Engineers Local 4 (IUOE Local 4) Health & Welfare, Annuity & Savings, and Pension Funds (ERISA Funds). The ERISA Funds were comprised of three smaller funds: (1) the Health & Welfare Fund; (2) the Annuity & Savings Fund; and (3) the Pension Fund.

---

[1] The Complaint sets out nine Counts against the defendants in varying combinations: (1) declaratory relief under 28 U.S.C. § 2201 against all defendants; (2) violation of Sections 502(a)(1)(B) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3), against the Fund Trustees, Geiman, and Symetra; (3) breach of fiduciary duty under ERISA and common law against the Fund Trustees, Geiman, and Symetra; (4) breach of trust against the Fund Trustees and Geiman; (5) breach of contract against all defendants; (6) negligence against the Fund Trustees, Geiman, and Symetra; (7) unjust enrichment against Sheppard; (8) conversion against all defendants; and (9) a suit on a judgment against Sheppard.

The Sheppards divorced on June 1, 2015. In Addendum D of their separation agreement, they agreed that Christopher Sheppard would name Wendy Sheppard as the sole beneficiary of his life insurance policies for as long any alimony obligations remained outstanding. Compl., Ex. 3 (Dkt # 1-3) at 12. The Sheppards' agreement was not subject to a qualified domestic relations order (QDRO).

Some two years later, on August 31, 2017, Christopher Sheppard listed Wendy Sheppard on his IUOE Local 4 Census Card as his primary and sole life insurance beneficiary. Compl., Ex. 2 (Dkt # 1-2) at 3. He also checked off the 100% option for the percentage amount to be paid to his ex-wife. *Id.* Directly above the designated blank space for listing the policy holder's beneficiaries, the card stated:

> The person(s) named below as your life insurance beneficiary[] will receive the proceeds from the Health and Welfare Fund Life Insurance Policy in the event of your death if eligible for coverage. . . . The person named below as your life insurance beneficiary[] may also become entitled, in the percentages shown below, to certain death benefits payable under the Pension Fund and/or Annuity & Savings Fund. . . . [I]f a person named below as your life insurance beneficiary was once your spouse, and your marriage to that spouse ended in divorce, the Annuity & Savings Fund and the Pension Fund will presume that your designation of that spouse as beneficiary was terminated as of the final date of divorce. If you want a former spouse listed below to remain eligible for benefits for the Annuity & Savings and Pension Funds, you must notify the Trustees of both the Annuity & Savings Fund and the Pension Fund in writing that you wish to

3

continue this ex-spouse as a beneficiary.

*Id.*

On July 20, 2020, the Sheppards entered a Stipulation for Judgment in the Probate and Family Court after it was determined that Christopher Sheppard had overpaid the alimony due his ex-wife. As a result, Addendum D of the separation agreement was vacated, and Christopher Sheppard retained the sole right, title, and interest in his retirement benefits.

On November 9, 2021, Christopher Sheppard died. On November 19, 2021, his Union, IUOE Local 4, sent Haslam a package of ERISA claim forms. Haslam completed and returned them "shortly thereafter." Compl. (Dkt # 1) ¶ 55. On December 9, 2021, an IUOE Local 4 employee, Amy Moreno,[2] assured Haslam that "your name is on everything" with respect to the ERISA benefits. On January 22, 2022, Wendy Sheppard filed her own claim for the same benefits. On February 10, 2022, IUOE Local 4 paid Wendy Sheppard all the remaining ERISA Funds, a total of $37,500.

Haslam alleges that the plan defendants breached their fiduciary duty under ERISA by disbursing the funds to Wendy Sheppard. She also alleges

---

[2] Haslam's Complaint refers to both an Amy Moreno and an Ashley Moreno. Compl. ¶¶ 49, 106. The court refers to Moreno by "Amy" as she is identified as the responsible Union spokesperson in the Complaint.

that Wendy Sheppard procured the funds for herself in violation of the terms of the Probate and Family Court Stipulation for Judgment.

## DISCUSSION

The plan defendants move to dismiss Haslam's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The court will dismiss a complaint if, after accepting all well-pleaded facts as true and after drawing all reasonable inferences in favor of the plaintiff, it determines that the complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss, a complaint must contain "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the asserted claims. *Fantini v. Salem State Coll.*, 557 F.3d 22, 26 (1st Cir. 2009), quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007). A plaintiff must plead "more than labels and conclusions," and the factual allegations must be sufficient to "raise a right [to] relief above the speculative level." *Morales-Tañon v. P.R. Elec. Power Auth.*, 524 F.3d 15, 18 (1st Cir. 2008) (internal quotation marks omitted).

### A. Claims Against Fund Trustees, Geiman, and Symetra

#### 1. ERISA Claims (Counts II and III)

Haslam brings claims under Sections 502(a)(1)(B) and 502(a)(3) of ERISA, which entitle beneficiaries to receive benefits owed to them under

the terms of an employment benefit plan and enjoin any act that violates a plan's terms. 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3). In discharging their duties, plan administrators must "manage ERISA 'in accordance with the documents and instruments governing' them." *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 288 (2009), quoting 29 U.S.C. § 1104(a)(1)(D).

This case is on all fours with *Kennedy*. In that case, the Supreme Court held that an ERISA plan administrator properly disbursed a decedent's funds to his ex-wife, notwithstanding the fact that she had foresworn any interest in her ex-husband's benefit programs in a non-QDRO divorce decree. 555 U.S. at 299-300. The Court held that a plan administrator's duty under ERISA is to pay benefits "in conformity with the plan documents," which in *Kennedy*, as here, listed the decedent's ex-wife as the sole designated beneficiary. *Id.* at 300. As in *Kennedy*, the ERISA plan administrator had no obligation to turn to the Sheppards' Stipulation for Judgment in determining his proper beneficiary.

The only plan document of legal ERISA significance in this case is Christopher Sheppard's Union Census Card, completed over two years after his divorce from Wendy Sheppard. The card designated Wendy Sheppard as his primary and sole life insurance beneficiary. Compl., Ex. 2 (Dkt # 1-2) at

3; *see* 5A Wright & Miller, Federal Practice and Procedure § 1357, at 299 (1990) (noting that court will consider "items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned" at the motion to dismiss stage); *see also* Mem. of Law. Supp. Mot. to Dismiss (Dkt # 15) at 4.

Haslam insists that she completed and submitted the "Statement of Sole Surviving Heir" and "Symetra Beneficiary Statement" at the direction of an IUOE Local 4 employee. Compl. (Dkt # 1) ¶ 55. But this is of no import. The proper focus is on the existing plan document(s) *at the time of the policyholder's death*, and not on IUOE Local 4's after-the-fact interpretation of ERISA. *Kennedy*, 555 U.S. at 299-300; *see Boyd v. Metro. Life Ins. Co.*, 636 F.3d 138, 142 (4th Cir. 2011) ("As in Kennedy, it is undisputed that the plan documents on file at the time of Emma's death declared Alsager to be the primary beneficiary of the plan, as Emma never took advantage of her option to designate a new beneficiary."). Haslam has not alleged the existence of any form involving the ERISA funds prior to her brother's death listing her as his beneficiary.[3] *Cf. Curtis-Wright Corp. v. Schoonejongen*,

---

[3] Haslam does allege that she was the designated beneficiary of the funds at issue, Compl. ¶ 64, but this statement is both implausible and conclusory. At most, Haslam offers a Designation of Beneficiary form listing her on a different non-ERISA life insurance policy. *See* Compl., Ex. 1 (Dkt #1-1).

514 U.S. 73, 83 (1995) (ERISA "is built around reliance on the face of written plan documents").

ERISA is predicated on ease of administrability. *See Kennedy*, 555 U.S. at 301 (internal citations omitted) ("ERISA forecloses any justification for enquiries into nice expressions of intent, in favor of the virtues of adhering to an uncomplicated rule: 'simple administration, avoiding[ing] double liability, and ensur[ing] that beneficiaries get what's coming quickly, without the folderol essential under less-certain rules.'").4  This sensible principle leads to the conclusion that the plan defendants discharged their fiduciary duty under ERISA by faithfully adhering to the only documented designation of a beneficiary – Wendy Sheppard – that Christopher Sheppard made before his death.  It also leads ineluctably to the entry of a judgment of dismissal on all claims against the plan defendants.

---

4 Haslam argues that the terms expressed on Mr. Sheppard's Census Card failed to provide straightforward instructions and that its unclear terms are "precisely the 'folderol' Justice Souter cautioned against." Pl.'s Opp'n to Defs.' Mot. to Dismiss (Dkt # 25) at 10.  This is a misunderstanding of *Kennedy*.  In *Kennedy*, the Supreme Court used the term "folderol" to describe the confusion that would come from the lack of a bright-line rule requiring ERISA administrators to strictly adhere to plan documents, not the complicated nature of the plan documents themselves.  *See* 555 U.S. at 301 ("And the cost of less certain rules would be too plain.  Plan administrators would be forced 'to examine a multitude of external documents that might purport to affect the dispensation of benefits.'").

### 2. State Law Claims (Counts III, IV, V, VI, and VIII)

Haslam's state law claims are expressly preempted by ERISA. ERISA "supersede[s] any and all State laws insofar as they . . . relate to any [qualified] employee benefit plan." 29 U.S.C. § 1144(a). Preempted state laws that reference ERISA plans include "common-law cause[s] of action premised on the existence of an ERISA plan." *Cal. Div. of Lab. Standards Enf't v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 324 (1997). A state law "relate[s] to" an employee benefit plan "if it [1] has a connection with or [2] reference to such a plan." *Id.*

Here, Haslam's state law breach of fiduciary duty, breach of trust, breach of contract, negligence, unjust enrichment, and conversion claims are all predicated on whether she, rather than Wendy Sheppard, was the proper beneficiary under Christopher Sheppard's benefit plan. *See, e.g.*, Compl. ¶ 175 ("By making disbursements from Mr. Sheppard's accounts that were not authorized and not properly distributed, the Trustees and Mr. Geiman . . . violated duties not only to Mr. Sheppard and his estate but those owed to the beneficiaries."). The determination of beneficiary status is "an area of core ERISA concern" and relates directly to Sheppard's benefit plan. *Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001). Thus, the court will dismiss Counts III, IV, V, VI, and VIII.

### 3. Declaratory Relief (Count I)

Because none of Haslam's claims on which she seeks to base declaratory relief may proceed, this claim must also fall.

### B. Claims Against Wendy Sheppard

Haslam's claims against Wendy Sheppard must also be dismissed because the court lacks subject-matter jurisdiction. Haslam's only federal claim against Sheppard is Count I, declaratory relief under 28 U.S.C. § 2201. However, 28 U.S.C. § 2201 is not an independent source of federal jurisdiction — it is only available as an "added anodyne for disputes that come within the federal courts' jurisdiction on some other basis." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 919 F.3d 638, 645 (1st Cir. 2019), quoting *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 534 (1st Cir. 1995); *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).

Such a basis does not exist. The remainder of Haslam's claims against Ms. Sheppard are state-law claims (Counts V, VII, VIII, IX) over which this court does not have original jurisdiction. Because both Haslam and Wendy Sheppard are residents of Massachusetts, the parties lack diversity. The court will also decline to exercise supplemental jurisdiction because this court has dismissed all the claims over which it has original jurisdiction. *See*

28 U.S.C. § 1367(c)(3).  The court will therefore dismiss Counts VII and IX in their entirety and Counts I, V, and VII as they apply to Wendy Sheppard.

## ORDER

For the foregoing reasons, the plan defendants' Motions to Dismiss are <u>GRANTED</u> and all Counts are dismissed.  The Clerk will so notify the parties and close the case.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE
